### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| BRYAN BOWMAN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) **JURY DEMAND** |
| WAL-MART STORES EAST, LP, | ) |
| Defendant. | |

## **COMPLAINT**

### I. **JURISDICTION**

1. This is a suit for relief from race discrimination and retaliation instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and 42 U.S.C. §1981 ("§1981"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Bryan Bowman ("Plaintiff") timely filed his charge of discrimination against defendant Wal-Mart Stores East, LP ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this complaint within 90 days after receipt of his right-to-sue letter from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen over the age of nineteen and a resident of Ozark, Dale County, Alabama.

4. Defendant is a foreign limited partnership headquartered in Bentonville, Arkansas and was so during all times pertinent to this complaint.

5. Defendant is and was during the events alleged in this case an employer as that term is contemplated under Title VII.

## III. FACTS

6. Plaintiff is African-American.

7. In or about April of 2021, Plaintiff became employed by Defendant at its Wal-Mart store in Ozark, Alabama.

8. Plaintiff was employed there as an overnight stocker.

9. Landon Knight was an overnight coach over the stockers.

10. Kim Skinner was an overnight team lead, a supervisory position under the coach.

11. There were other overnight coaches and team leads, but Plaintiff worked under Knight and Skinner 75-80% of the time.

12. Knight and Skinner are both Caucasian.

13. Both Knight and Skinner subjected Plaintiff and the other African-American stockers to harassment on a continual basis.

14. Knight and Skinner gave Plaintiff and the other African-American stockers more work than the Caucasian stockers, assigned them the more physically laborious work, held them responsible for things they did not hold Caucasian stockers responsible for, gave them disciplinary actions for things Knight and Skinner did not discipline the Caucasian stockers for, and spoke to them in a demeaning and harsh manner and threatened their jobs but did not treat the Caucasian stockers this way.

15. Knight referred to Plaintiff as "that nigger Bryan."

16. While Plaintiff worked there, Knight fired about ten African-American stockers but, to Plaintiff's knowledge, did not fire any Caucasian stockers.

17. The harassment affected Plaintiff so much that he had to get medical treatment.

18. In or about November of 2021, Plaintiff and another African-American stocker from the Ozark store wanted to report the harassment and discrimination they were experiencing, but they did not believe that they would get any help from their store management.

19. So, they tried to report it to Defendant's Market Manager, who is over the store manager.

20. Their Market Manager was Stephen Williams.

21. Williams is Caucasian.

22. Plaintiff was told Williams worked out of the Dothan store, so he and the other African-American stocker went there to talk to him.

23. They went in the store and asked to speak to Williams.

24. Michael (last name unknown), a coach in the Dothan store, talked to them.

25. They told Michael about the racial harassment and discrimination they were experiencing from Knight and Skinner.

26. Michael typed up what he told them was an email he was sending to Williams.

27. Michael said that Williams would be in touch with them.

28. Plaintiff and the other African-American stocker never heard back from anyone about it.

29. In or about early March of 2022, Plaintiff called Defendant's ethics line and complained about the racial harassment and discrimination from Knight and Skinner.

30. On or about March 10, 2022, Plaintiff got an email from WalMart Ethics stating that they were investigating his complaint and would be in touch.

31. On or about March 11, 2022, Plaintiff sent an email to Williams about the racial harassment and discrimination and asked for his help.

32. After that, Trae (last name unknown), a People Operations Lead for Defendant, came to the Ozark store and interviewed Plaintiff in the store's office.

33. Trae is Caucasian.

34. The store manager, Linda Andrews, was present.

35. Andrews is Caucasian.

36. Trae said that he had received Plaintiff's email.

37. Trae read aloud from the email that Plaintiff had sent to Williams.

38. They then discussed Plaintiff's claims of race discrimination and harassment.

39. Defendant used a point system for attendance.

40. An employee who reached attendance five points was subject to termination.

41. On or about March 14, 2022, Plaintiff checked his attendance points and he had 4.5.

42. Plaintiff did not believe that he should have had that many points, but he was not to five points.

43. On or about March 27, 2022, Plaintiff went on approved bereavement leave through April 8.

44. After he returned from that leave on April 10, Plaintiff checked his points and he had 13.

45. Points had been added going back to January of 2022 and also during the time Plaintiff was on bereavement leave.

46. Plaintiff should not have gotten any of the additional points.

47. Human Resources is not open during Plaintiff's shift, so he could not go to them about it.

48. Knight was the coach on the shift that night.

49. Plaintiff did not want to go to Knight about the points, so he went to the team lead working the shift, Benjamin Goldin.

50. Plaintiff told Goldin about the additional points and that he should not have gotten them.

51. Goldin he would look into it and get back to Plaintiff.

52. Plaintiff never heard back from Goldin.

53. On or about April 17, 2022, Plaintiff was terminated.

54. Valencia Stubbs terminated Plaintiff.

55. Stubbs is African-American.

56. Stubb was a GM Coach under Andrews and filled in for Andrews as store manager when she was not there.

57. At the time she terminated him, Stubbs was aware of Plaintiff's previous complaints of racial harassment and discrimination in the store.

58. Stubbs said the reason for Plaintiff's termination was excessive attendance points.

59. This was false and pretextual.

60. Plaintiff told Stubbs that all his absences were approved and that he could show her documents proving that.

61. Stubbs refused to review anything and reiterated that Plaintiff was terminated.

62. Stubbs was aware of other employees exceeding the maximum number of attendance points but did not terminate them.

63. In fact, Stubbs had removed attendance points for other employees to prevent them from exceeding the maximum number of points under circumstances where there was no justification to remove the points.

## IV. <u>CAUSES OF ACTION</u>

### COUNT I

### TITLE VII- RACIAL HARASSMENT

64. Paragraphs 1-63 above are incorporated by reference.

65. Defendant violated Plaintiff's rights under Title VII by subjecting him to racial harassment that constituted a hostile environment and/or culminated in an adverse employment action.

66. As a result of the above described discriminatory acts, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

## 42 U.S.C. §1981-RACIAL HARASSMENT

67. Paragraphs 1-63 above are incorporated by reference.

68. Defendant violated Plaintiff's rights under §1981 by subjecting him to racial harassment that constituted a hostile environment and/or culminated in an adverse employment action.

69. As a result of the above described discriminatory acts, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court enter an Order declaring that Defendant's acts as described herein violated 42 U.S.C. §1981;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under §1981;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

## TITLE VII- RETALIATORY HARASSMENT

70. Paragraphs 1-63 above are incorporated by reference.

71. Defendant violated Plaintiff's rights under Title VII by subjecting him to harassment perpetrated in retaliation for Plaintiff's complaints about racial harassment and discrimination in the workplace, which harassment might have dissuaded a reasonable worker from having made the complaints.

72. As a result of the above described discriminatory acts, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT IV

## 42 U.S.C. §1981-RETALIATORY HARASSMENT

73. Paragraphs 1-63 above are incorporated by reference.

74. Defendant violated Plaintiff's rights under §1981 by subjecting him to harassment perpetrated in retaliation for Plaintiff's opposition to racial harassment and discrimination in the workplace, which harassment might have dissuaded a reasonable worker from having made the complaints.

75. As a result of the above described discriminatory acts, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court enter an Order declaring that Defendant's acts as described herein violated 42 U.S.C. §1981;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under §1981;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT V

## TITLE VII- TERMINATION

76. Paragraphs 1-63 above are incorporated by reference.

77. Defendant violated Plaintiff's rights under Title VII by terminating his employment because of (a) his race and/or (b) retaliation for his opposition to racial harassment and discrimination in the workplace.

78. With respect to his claim that he was terminated because of his race, Plaintiff pleads both a single-motive and mixed-motive theory.

79. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's act as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by providing lost back-pay, reinstating him and placing him in the position he would have occupied in the absence of discrimination (or, alternatively, front-pay), and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT VI

### 42 U.S.C. §1981- TERMINATION

80. Paragraphs 1-63 above are incorporated by reference.

81. Defendant violated Plaintiff's rights under §1981 by terminating his employment because of (a) his race and/or (b) retaliation for his opposition to racial harassment and discrimination in the workplace.

82. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court issue an Order declaring that Defendant's act as described herein violated §1981;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by providing lost back-pay, reinstating him and placing him in the position he would have occupied in the absence of discrimination (or, alternatively, front-pay), and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under §1981;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

>Respectfully submitted,
>
>s/ Adam M. Porter
>Adam M. Porter
>Attorney for Plaintiff
>Adam M. Porter, LLC
>2301 Morris Avenue, Suite 102
>Birmingham, Alabama 35203
>Phone: (205) 322-8999
>Facsimile: (205) 402-4619
>Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

>s/ Adam M. Porter
>Attorney for Plaintiff